EDWARD P. MORSE, JR., Appellant, v. MORSE DRY DOCK AND REPAIR COMPANY, Respondent.— Order limiting the security to be furnished by the defendant during the pendency of its appeal to the sum of $50,000 and an assignment of a claim against the United States government modified by increasing the security to be furnished by way of cash, or its equivalent, or surety company bond, from the sum of $50,000 to the sum of $100,000, and as so modified affirmed, without costs. No opinion. Young, Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

PEOPLES SAVINGS BANK OF YONKERS, N. Y., Plaintiff, v. ULYSSES S. ADLER and Others, Defendants; BESSIE F. ADLER, Appellant; ANNA LYABA and Others, Heirs of the Defendant MARY LYABA, Respondents.— Proceeding to recover surplus moneys arising from a mortgage foreclosure sale. Order appealed from denying appellant's motion to confirm the report of the official referee and disallowing the claim of the appellant and awarding said moneys to the respondents as the heirs at law of Mary Lyaba, deceased, reversed on the law and the facts, with costs, and appellant's motion to confirm the report of the official referee and for an order directing payment of said surplus moneys to the appellant granted, with ten dollars costs. In our opinion, the proofs before the official referee overcame the presumption of validity and established usury in the inception of the Lyaba bond and mortgage, which rendered them wholly void, and by reason thereof, respondents, as the heirs at law of said Lyaba, have no interest in the surplus moneys; that the appellant established her right to such moneys as the equitable assignee of the Rubenstein bond and mortgage. Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur.